

1401 Eye Street NW, Suite 800, Washington, DC 20005 • (202) 783-3300

March 11, 2020

Connie N. Bertram
202.777.8921
202.783.3535 Fax
cbertram@polsinelli.com

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Pacelli, et al. v. Augustus Intelligence, Inc.*
             Case No.:  20-cv-1011 (LJL)

Dear Judge Liman:

      This letter responds to the Court's March 10, 2020 Order regarding the filing of Plaintiffs' First Amended Complaint (ECF No. 28).  A red-line copy of the First Amended Complaint showing changes from the initial Complaint is attached as <u>Exhibit A</u>.

      Plaintiffs respectfully submit that the filing of their First Amended Complaint was permitted as a matter of course pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.  Plaintiffs filed their initial Complaint in this action on February 5, 2020.  ECF No. 1.  Plaintiffs filed with the initial Complaint a Request for Issuance of Summons.  ECF No. 3.

      Plaintiffs did not serve the initial Complaint and Summons to Defendant.  Accordingly, the time period set forth in Rule 15(a)(1)(A) of twenty-one days following service has not run.  On February 10, 2020, prior to service, Defendant affirmatively entered its appearance in the case by filing its Motion to Compel Arbitration and Stay Litigation. ECF No. 5.  Twenty-one days later, on March 2, 2020, Plaintiffs filed their First Amended Complaint.  ECF No. 24.  To the extent Defendant's February 10, 2020 filing is relevant to the Rule 15(a)(1)(A) analysis, Plaintiffs' filing of the First Amended Complaint was timely.  Accordingly, Plaintiffs were permitted to amend their Complaint "as a matter of course" and leave to amend was not required.

      To the extent the Court finds leave to amend was required, Plaintiffs respectfully request that the Court grant leave to amend *nunc pro tunc*.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave to amend when justice so requires."  That policy applies here.  The new factual allegations added to the First Amended Complaint predominantly address events occurring after the filing of Plaintiffs' initial Complaint on February 5, 2020 that could not have been included in the initial Complaint.  *See* ECF No. 24 at 20-23 (¶¶ 73-86).

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Miami    Nashville    New York
Phoenix    St. Louis    San Francisco    Seattle    Silicon Valley    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California

72750680.1



The Honorable Lewis J. Liman
March 11, 2020
Page 2

  The new Counts X and XI in the First Amended Complaint are based entirely on those post-filing facts and could not have been initially pled.  Although Count XII asserting a claim under the Racketeer Influenced and Corrupt Organizations Act is based on pre-filing conduct and events, Plaintiffs included that claim in the First Amended Complaint based on their post-filing discovery and analysis of additional conduct by Defendant that justified the decision to bring a RICO claim, which Plaintiffs did not assert lightly.

  Plaintiffs' amendment creates no prejudice, much less the "undue prejudice" required to deny leave to amend.  *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).  This case is in its earliest stage with no Scheduling Order issued and discovery yet to be commenced.  Indeed, Defendant has not yet filed a responsive pleading.  The amendment will not delay the resolution of this action or present any issue of unfair surprise.

  The amendment did not substantively change any of the claims previously asserted by Plaintiffs that are the subject of Defendant's Motion to Compel Arbitration and Stay Litigation and does not affect the resolution of that motion with respect to those claims.  To the extent Defendant contends any of the new claims in the First Amended Complaint are futile because they are subject to arbitration, it is ***Defendant's*** burden to establish futility and the Court should not deny leave to amend *sua sponte* in the absence of such an assertion.  *See Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012).[1]

  In sum, Plaintiffs were not required to seek leave to file their First Amended Complaint under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure because the amendment was filed within twenty-one days of both service and Defendant's appearance.  Alternatively, to the extent leave was required, leave to amend should be freely and liberally granted and the Court should do so *nunc pro tunc* here where Plaintiffs acted diligently to assert their claims and this action is in its earliest stages.

          Sincerely,

          */s/  Connie N. Bertram*

          Connie N. Bertram

---

[1] In any case, the new Counts X and XI concerning Defendant's surveillance activities against Plaintiffs after the termination of Plaintiffs' employment and filing of their Complaint are not within the scope of the arbitration clauses in their employment agreements because they involve no interpretation or enforcement of rights under those agreements.  *Collins & Aikman Prods Co. v. Building Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995).



The Honorable Lewis J. Liman
March 11, 2020
Page 3

Cc:     Lewis A. Bartell, Esq.

72750680.1