**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 13, 2020

Michael S. Gordon
direct dial: 212.589.4265
mgordon@bakerlaw.com

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

Re: <u>*Pacelli and Crump v. Augustus Intelligence, Inc.*, **Case No. 20-CV-1011 (LJL)**</u>

Dear Judge Liman:

      Defendant Augustus Intelligence, Inc. ("Defendant") respectfully submits this letter-brief in accord with the Court's Order (Dkt. No. 36), directing the parties to address: (1) whether an arbitrator must decide the threshold question of arbitrability, and (2) the legal effect of the requirement in plaintiffs, Marco Pacelli's and Ed Crump's (collectively "Plaintiffs") employment agreements with Defendant that the parties "endeavor first to settle [a] dispute by mediation" before "any unresolved controversy or claim" is "settled by arbitration" (the "Mediation Provision"). (*See* Dkt. Nos. 5-2 at 19, and 5-3 at 14). As set forth below, the answer to both questions posed by the Court is the same, *i.e.*, where, as here, the parties have incorporated rules in their arbitration agreement that empower an arbitrator to decide whether a dispute must be arbitrated and whether there are procedural preconditions to arbitration, both questions must be resolved by an arbitrator and not by the Court.

## I. The Arbitrator Must Decide the Question of Arbitrability

      It is well-established that threshold questions as to the scope and enforceability of an arbitration provision must be resolved by an arbitrator and not a court where, as here, the parties' contracts clearly and unmistakably delegate the arbitrability question to an arbitrator.[1] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529-30 (2019). In the same vein, the Second Circuit held in *Contec Corp. v. Remote Sol. Co.*, that when "parties explicitly incorporate rules that empower an arbitrator to

---

[1] There is no dispute between the parties that the employment agreements contain binding arbitration clauses. (*See, e.g.,* Dkt. No. 5-4 at 1) (Plaintiffs' letter demanding that Defendant "dismiss [its] pending lawsuit in favor of an arbitration proceeding, as required by the binding arbitration provisions in Mr. Crump and Mr. Pacelli's employment agreements.") Rather, Plaintiffs purport to challenge the enforceability and scope of the arbitration provisions (Dkt. No. 8 at 18, 20 and 21), which matters must be decided by an arbitrator.

decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." 398 F.3d 205, 208 (2d Cir. 2005).

Here, Plaintiffs unambiguously agreed in their employment agreements with Defendant that, if a dispute could not be settled through direct discussions, followed by mediation before the American Arbitration Association" ("AAA"), *see infra* Part II, then, in such instance, "any unresolved controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration administered by the [AAA] *in accordance with its Employment Arbitration rules*." (*See* Dkt. Nos. 5-2 at 19, and 5-3 at 14) (emphasis added).  Under Rule 6(a) of the AAA's Employment Arbitration Rules, "*[t]he arbitrator shall have the power to rule on his or her own jurisdiction*, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* AAA Employment Arbitration Rules & Mediation Procedures, Rule 6(a) (emphasis added), an excerpted copy of which is submitted herewith as **Exhibit A**.

In *Contec*, the Second Circuit held that the parties clearly and unmistakably had expressed their intent to have an arbitrator decide the question of arbitrability when they agreed to arbitrate under the AAA's Commercial Arbitration Rules, which, in identical fashion to the Employment Arbitration Rules incorporated in the employment agreements here, empower an arbitrator to decide issues of arbitrability.  *Contec*, 398 F.3d at 208 (quoting Rule 7(a) of AAA's Commercial Rules); *see also Alderson v. DeVere USA, Inc.*, No. 18 Civ. 5081 (JFK), 2018 WL 3756451, at *3 (S.D.N.Y. July 24, 2018) (incorporation, *inter alia*, of the AAA's Employment Arbitration Rules constituted the parties' clear and unmistakable intent to delegate questions of arbitrability to an arbitrator); *Offshore Expl. & Prod. LLC v. Morgan Stanley Private Bank, N.A.*, 986 F.Supp.2d 308, 315-16 (S.D.N.Y. 2013) (incorporation of the AAA's International Arbitration Rules constituted the parties' clear and unmistakable intent to delegate the question of arbitrability to an arbitrator).

In sum, because Plaintiffs' employment agreements incorporate the AAA's Employment Arbitration Rules, which empower the arbitrator to rule on his or her own jurisdiction, this manifests the parties' clear and unmistakable intent to delegate the question of arbitrability to the arbitrator.

## II.  The Enforceability of the Mediation Provision Also is a Question for the Arbitrator

As with the question of arbitrability, prevailing case law also confirms that the enforceability of the Mediation Provision at issue here is a matter for an arbitrator to decide.  Specifically, in the employment agreements at issue, Plaintiffs and Defendant expressly agreed that "if the[ir] dispute cannot be settled through direct discussions, ***the parties agree to endeavor first to settle the dispute by mediation*** administered by the . . . [AAA] under its Employment Mediation Procedures ***before resorting to arbitration***."  (*See* Dkt. Nos. 5-2 at 19, and 5-3 at 14) (emphasis added).

Long-standing Supreme Court precedent holds that questions concerning the fulfillment of conditions precedent to arbitration, like the Mediation Provision here, are not "questions of arbitrability" but rather, questions of procedure for arbitrators to decide.  This bright-line rule was first announced by the Supreme Court in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557-58 (1964), and reaffirmed by the Court in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-86 (2002).  These precedents leave no doubt that questions as to the satisfaction of mandatory preconditions to arbitration are *procedural questions* to be determined by an arbitrator.

*John Wiley* involved a two-step grievance procedure that was a prerequisite to arbitration and the Supreme Court held that whether the first of the two steps had been completed was a question to be decided by an arbitrator. 376 U.S. at 557. Similarly, in *Howsam*, the Supreme Court determined that the question of whether a party timely filed a notice of arbitration "is a matter presumptively for the arbitrator, not for the judge." 537 U.S. at 85.

More recently, in *BG Group, PLC v. Republic of Argentina*, 572 U.S. 25 (2014), the Supreme Court considered an investment treaty between the United Kingdom and Argentina which provided that the parties must first submit their dispute to a local tribunal for resolution, and if the tribunal had not given its final decision within eighteen months of submission, and one of the parties so requested, that the parties must then proceed to arbitration. *Id.* at 28. The Supreme Court noted that "courts presume that the parties intend the arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration. These procedural matters include . . . the satisfaction of 'pre-requisites such as . . . ***conditions precedent to an obligation to arbitrate***.'" *Id.* at 34-35 (citations omitted) (emphasis added). The Supreme Court ultimately concluded that the treaty provision "operate[d] as a procedural condition precedent to arbitration," *id.* at 35, or a "claims-processing rule," *id.* at 42, for an arbitrator – and not for a court – "to interpret and to apply." *Id.* at 36.[2]

Like the treaty provision in *BG Group*, the employment agreements at issue here first require the parties to attempt resolution through direct discussion, and then through mediation, before proceeding to arbitration. As such, the enforceability of this condition precedent to arbitration is a matter to be determined by an arbitrator. Indeed, just last month a court in this District addressed a provision similar to the Mediation Provision and observed that that "[a]n arbitrator must decide whether the failure to mediate is a failure of a condition precedent."[3] *Morelli v. Alters*, Case No. 19-CV-10707 (GHW), 2020 WL 1285513, at *10 (S.D.N.Y. Mar. 8, 2020).

Accordingly, Defendant respectfully submits that here, the parties clearly and unmistakably agreed in the employment agreements at issue that <u>both</u> the question of arbitrability and the enforceability of mediation as a condition precedent to arbitration must be decided by an arbitrator.

Respectfully submitted,

*Michael Gordon*

Michael S. Gordon

---

[2] Because the treaty at issue in *BG Group* did not contain evidence of the parties' intent to refer the issue of arbitrability to an arbitrator – unlike the employment agreements here which incorporate by reference the AAA's Employment Arbitration Rules – the Supreme Court noted that, in such instance, it is presumed that the parties intended a court to decide the question of arbitrability. 572 U.S. at 34, 40.

[3] In its Demand for Arbitration filed on February 5, 2020 – the same day that Plaintiffs commenced the instant action – Defendant attempted to enforce the Mediation Provision, advising the AAA that "the parties have agreed to mediation prior to arbitration and [Defendant] has requested that your office be contacted to make the appropriate arrangements to set up mediation." (Dkt. No. 5-6 at 1.) However, Plaintiffs continue to flout their agreement to mediate (along with their agreement to arbitrate) by prosecuting the instant action.