

600 Third Avenue, 42nd Floor, New York, NY 10016 • (212) 684-0199

April 27, 2020

Gabriel Levinson
212.413.2853
212.202.7582 Fax
glevinson@polsinelli.com

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

   **Re:**  *Pacelli, et al. v. Augustus Intelligence, Inc.*, **Case No. 1:20-cv-01011-LJL**

Dear Judge Liman:

  Pursuant to the Court's March 20, 2020 order, Plaintiffs submit this letter-brief in response to Defendant's April 13, 2020 letter-brief.

**I. The Two-Stage Dispute Resolution Procedure Precludes Delegation of Arbitrability.**

  Defendant's arguments focus solely on the agreement's reference to the AAA's Employment Arbitration Rules (the "Rules") in isolation, and fail to address the language and structure of the arbitration agreement. The issue of who decides arbitrability questions is entirely a matter of the parties' contractual intent. *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995). In determining intent, "particular words should be considered, not as if isolated from the context, but in light of the obligation as a whole and the intention of the parties as manifested thereby." *Hamburg v. N.Y. Univ. School of Med.*, 62 N.Y.S. 3d 26, 39 (N.Y. App. Div. 2017). (The issue of the agreement's validity under California Labor Code § 925 is currently *sub judice*. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).)

  In *NASDAQ OMX Group, Inc. v. UBS Sec., LLC*, 770 F.3d 1010 (2d Cir. 2014), the court held that an arbitration provision referencing AAA's rules did not delegate questions of arbitrability, where certain claims were carved-out of the scope of the arbitration agreement. *Id*. at 1016. In particular, the court held that language to "delay[] application of AAA rules until a decision is made as to whether a question does or does not fall within the intended scope of arbitration" negated any presumption that the agreement "clearly and unmistakably" delegated arbitrability decisions, and merely "provide[d] for AAA rules to apply to such arbitrations as may arise under the Agreement". *Id*. at 1032.

  Here, the language of the agreement at issue compels the same result. AAA's Rules do not apply until **after** the parties first mediate any dispute that "arises from or relates to this contract or the breach thereof." The mediation is governed by AAA's Employment Mediation Procedures (not the Rules), which **do not** provide the mediator or AAA with any authority to decide what disputes must be mediated. Only mediation claims that remain "unresolved" are subject to arbitration. Like the carve-out in *NASDAQ*, the requirement of an initial mediation stage "delays

application of the AAA rules" until after the group of claims subject to the two-stage dispute resolution process is decided and potentially narrowed in mediation. Since an arbitrator is not present at the initial mediation stage and AAA's mediation procedures do not grant the mediator authority to determine the scope of its own jurisdiction, the parties clearly did not unmistakably delegate arbitrability disputes.

Defendant's cases on this point are inapposite. *Contec Corp. v. Remote Solution, Co., Ltd.*, 398 F.3d 205 (2d Cir. 2005), involved an arbitration agreement that did not provide for a prior mediation, and the only governing procedural rules were AAA's Commercial Arbitration Rules. Although the parties agreed to use their "best efforts" to negotiate prior to arbitration, informal negotiations are materially different from a required formal mediation that is subject to specific procedural rules. *Alderson v. DeVere USA, Inc.*, 2018 WL 3756451 (S.D.N.Y. 2018) and *Offshore Exploration and Production LLC v. Morgan Stanley Private Bank, N.A.*, 986 F. Supp. 2d 308 (S.D.N.Y. 2013), similarly involved single-stage arbitration proceedings without any mandated, prior mediation governed by rules that do not delegate jurisdictional questions.

II.     **Defendant's Mediation Arguments Are Without Merit.**

Defendant attacks a 'straw man' argument about the satisfaction of conditions precedent to arbitration. Plaintiffs are not relying on the non-satisfaction of the condition precedent. Instead, Plaintiffs' argument is that the parties incorporated AAA's arbitration Rules only at the latter arbitration stage after the disputes at issue already have been identified.

Defendant's cases on this point are readily distinguishable. In *BG Group, PLC v. Republic of Argentina*, 572 U.S. 25 (2014), a treaty required BG Group to litigate in an Argentine court prior to commencing arbitration. Instead, BG Group invoked arbitration directly, claiming Argentina waived the condition precedent. Argentina sought to vacate an adverse award based on the failure to litigate, but the Court held that because the litigation requirement was a procedural prerequisite, it was committed to the arbitrators and therefore subject to a deferential standard of review. *Id*. at 44-45. The Court did not analyze the "clearly and unmistakably" requirement that controls here.

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), involved a dispute over the statute of limitations under an NASD arbitration rule. That court held that because the timeliness of a claim was <u>not</u> a question of arbitrability and involved the application of NASD's rules, it should be decided by the arbitrator. *Id*. at 84. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964), adjudicated a claim where a union could not compel arbitration because it did not satisfy a grievance procedure that preceded arbitration. That court held the arbitrator should assess the union's failure to submit its dispute to the grievance process since, unlike here, the question was intertwined with the merits of the dispute. *Id*. at 557-58.

The issue is not whether the non-occurrence of mediation precludes arbitration. Instead, as noted above, the agreement's structure shows that the parties clearly did not intend to delegate issues of arbitrability, and the presumption that the Court must determine arbitrability applies.

Respectfully,

Gabriel Levinson

2

73147737.5