# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Michael S. Gordon
direct dial: 212.589.4265
mgordon@bakerlaw.com

April 27, 2020

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

Re:     *Pacelli and Crump v. Augustus Intelligence, Inc.*, **Case No. 20-CV-1011 (LJL)**

Dear Judge Liman:

      We respectfully submit this reply letter-brief in response to Plaintiffs' letter-brief (Dkt. No. 38) addressing the questions posed in the Court's March 20, 2020 Order (Dkt. No. 36). As shown in Defendant's April 13, 2020 letter-brief ("Def. LB," Dkt. No. 37), binding Supreme Court and Second Circuit precedent compels the conclusion that here, the parties clearly and unmistakably delegated to an arbitrator both the questions of arbitrability and whether mediation was a precondition thereto. All defined terms used herein have the same meaning as that ascribed to them in Def. LB.

      In their letter brief, Plaintiffs acknowledge the "clear and unmistakable" standard applied by the Supreme Court and the Second Circuit in determining whether the parties to an arbitration agreement intended to delegate the question of arbitrability to an arbitrator. However, Plaintiffs disingenuously focus on the phrase (in the arbitration provision at issue here), "[i]f a dispute arises from or relates to this contract or the breach thereof" and its interplay with the Mediation Provision, (*see* Dkt. No. 38 at 1–2), wholly ignoring the *unmistakable evidence* of the parties' delegation intent, *i.e.*, the express incorporation of the AAA's Employment Arbitration Rules. (*See* Dkt. Nos. 5-2 at 19, and 5-3 at 14 (incorporating those Rules, which provide that "***[t]he arbitrator shall have the power to rule on his or her own jurisdiction***, including any **objections** with respect to the ***existence, scope or validity of the arbitration agreement***," *see* Dkt. No. 37, Ex. A thereto at R. 6(a) (emphasis added))). Furthering their stratagem of evasion, Plaintiffs rely on inapposite cases to advance the incorrect argument that the arbitration agreement here neither expressly nor implicitly delegates jurisdictional authority to the arbitrator.[1] (Dkt No. 38 at 2).

---

[1] Ironically, the cases on which Plaintiffs rely recognize the principle that parties implicitly delegate jurisdictional authority to an arbitrator where, as here, arbitration provisions incorporate rules that commit questions of arbitrability to the arbitrator. (*See, e.g.*, Dkt. No. 38 at 2, *citing John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 54–55 (2d Cir. 2001) and *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1202 (2d Cir. 1996)).

The Honorable Lewis J. Liman
April 27, 2020
Page 2

However, even if the AAA Employment Arbitration Rules were not incorporated into the arbitration provision at issue here, Plaintiffs' argument still would fail. For example, Plaintiffs cite the Second Circuit's decisions in *John Hancock* and *Bybyk*, *see supra* note 1, to advance the proposition that an arbitration provision must use the terms "any and all" with respect to the controversies referred to arbitration (as opposed to the phrase "arises from or relates to" used in the arbitration provision here) to implicitly delegate arbitrability questions to an arbitrator (s*ee* Dkt. No. 38 at 2). In so doing, Plaintiffs conspicuously omit the second basis identified by the Second Circuit in *John Hancock* that reflected the parties' implicit delegation of jurisdictional authority to an arbitrator, *i.e.*, the incorporation of rules providing for the delegation of such authority. *See John Hancock*, 254 F.3d at 55 (stating "parties may overcome the . . . presumption [that issues of arbitrability are for a court to decide] by . . . ***expressly incorporat[ing] the provisions of the NASD Code***") (emphasis added)). In other words, Plaintiffs' own case, *John Hancock,* supports Defendant's argument that the incorporation of the AAA's Employment Arbitration Rules constitutes an implicit delegation of the arbitrability question to an arbitrator. Moreover, post-*John Hancock*, the Second Circuit has made clear that no talismanic language like "any and all" is necessary to manifest an intent to delegate the issue of arbitrability to an arbitrator. *See*, *e.g.*, *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003) (holding agreement to submit to arbitration "all disputes . . . concerning or arising out of" the parties' agreement evinces a broad grant of power reflective of the parties' intent to delegate issues of arbitrability to an arbitrator).

Similarly misguided is Plaintiffs' contention that the enforceability of the Mediation Provision is not a matter for the arbitrator. Critically, in their letter-brief, Plaintiffs acknowledge that the Mediation Provision "is a condition precedent to arbitration." (Dkt. No. 38 at 3). However, in a sharp departure from settled law, they posit that this condition precedent is "conterminous with the scope of the arbitration provision[]." (*Id*.) Plaintiffs do not cite a single case or other authority to support this remarkable proposition, which is unsurprising because, as demonstrated in Def. LB, longstanding Supreme Court precedent holds that the enforceability of procedural conditions precedent to arbitration, like the Mediation Provision here, are quintessentially matters for an arbitrator to decide.[2] (Dkt. 37 at 2–3).

Finally, Plaintiffs' argument that Defendant waived its right to mediate/arbitrate by filing suit against Plaintiffs in state court is a *procedural defense* for an arbitrator to decide. *See*, *e.g.*, *BG Group, PLC v. Republic of Argentina*, 572 U.S. 25, 34–35 (2014) (it is presumed that parties intend arbitrators to decide "particular procedural preconditions for the use of arbitration . . . includ[ing] claims of 'waiver. . . [and] the satisfaction of . . . other conditions precedent to an obligation to arbitrate'") (citation omitted)).

For these reasons, and those set forth in Def. LB, we respectfully submit that both the issues of arbitrability and the enforceability the Mediation Provision are for an arbitrator to determine.

                                          Respectfully submitted,

                                          Michael S. Gordon

---

[2] In the same vein, Plaintiffs' bald contention that the AAA's Employment Mediation Procedures are "inconsistent with any grant of implicit authority to the *mediator* to resolve disputes about whether a particular claim is subject to mediation" (Dkt. No. 38 at 2) (emphasis added), appears to purposefully ignore the well-settled precedent that an *arbitrator* decides the enforceability of conditions precedent to arbitration.